UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2019

SCOTT D. LEFKOWITZ, et al.,                  :
                                   Plaintiffs,   :
                                                 :                  18 Civ. 2979 (LGS)
                -against-                         :
                                                 :                  ORDER
SYNACOR, INC., et al.,                           :
                                   Defendants.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 28, 2019, the Court issued an Opinion and Order ("the Opinion")

granting Defendants' motion to dismiss federal securities fraud claims under § 10(b) and § 20(a)

of the Securities Exchange Act of 1934. The Court divided the alleged omissions and

misstatements into three categories, one of which was statements relating to revenue projections

resulting from Synacor's contract with AT&T. The Opinion held that allegations related to the

challenged revenue projections from the Second Amended Complaint ("SAC") were either non-

actionable opinion statements or forward-looking statements protected under the Private

Securities Litigation Reform Act.

WHEREAS, the Opinion directed Plaintiffs, if they sought leave to replead, to file a red-

lined version of a proposed Third Amended Complaint ("Proposed TAC"), showing changes

from the SAC, together with a letter application explaining how the legal deficiencies identified

in the Opinion had been cured.

WHEREAS, on October 2, 2019, Plaintiffs filed a letter motion for leave to file a TAC.

Plaintiffs' letter argues that the Proposed TAC includes new allegations related to the challenged

revenue projections that cured the deficiencies identified in the Opinion. The letter also notes

that the Proposed TAC shortens the putative class period and adds allegations from confidential

witness CW2, a "Senior Direct of Business Development at Synacor from April 2016 to October

2017."

WHEREAS, on October 21, 2019, Defendants filed a letter response in opposition to the motion to replead.  It is hereby

**ORDERED** that Plaintiffs' application to file a Third Amended Complaint is DENIED as futile.  "Leave to amend should be 'freely give[n] . . . when justice so requires,' but should generally be denied in instances of futility [] [or] undue delay . . . ."  *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (quoting Fed. R. Civ. P. 15(a)(2)) (internal quotation marks omitted).  "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss."  *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017).  To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Choi v. Tower Research Capital LLC*, 890 F.3d 60, 65 (2d Cir. 2018).

The new allegations contained in the Proposed TAC fail to cure the deficiencies identified in the Opinion.  The Proposed TAC attempts to allege facts to show that Defendants actually knew that their opinion statements about the revenue projections and the contract with AT&T were false.[1]  A "sincere statement of pure opinion is not an 'untrue statement of material fact,'

---

[1] Defendants' following statements about future revenue growth and belief that the Company was "on track" to achieve its projected revenue goals -- drawn from the SAC and repeated in the Proposed TAC -- are statements of opinion:

- "We anticipate that search activity and search revenue will increase in the future due to our three-year portal services contract with AT&T[.]"
- "We continue to make excellent progress toward the launch and deployment of the AT&T portal. . . . We expect accelerated revenue growth of about 30% this year, as we continue to progress on our Path to 3/30/300."
- "We achieved important milestones this quarter on our path to 3/30/300," referencing the new ATT.net live portal.
- "[T]he site has the potential to reach $100 million of revenue."

regardless [of] whether an investor can ultimately prove the belief wrong." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1327 (2015). One of the ways that statements of opinion can be actionable is if "the speaker did not hold the belief she professed." *Id.*

The Proposed TAC includes new allegations from CW2 that "Defendants discovered shortly after beginning work on the contract -- but did not disclose -- that AT&T had no intention of focusing on advertising or monetization." However, these allegations, along with the Proposed TAC as a whole, are insufficiently dissimilar from those offered in the SAC to show that Defendants did not hold the beliefs they professed. The SAC also contained multiple allegations that the Defendants knew that AT&T wanted to prioritize user experience over advertising, thus making Defendants' revenue expectations unrealistic. But neither complaint alleges, nor is it fairly inferred, that ATT's focus on customer engagement rather than advertising would necessarily and obviously prevent the Company from achieving its revenue goals. Similarly, the Proposed TAC contains additional allegations about Defendants' knowledge about the status of the portal. These allegations also fail to show that Defendants actually disbelieved their statements because the Proposed TAC fails to connect the status of the portal to Defendants' understanding of the unattainability of the revenue forecasts.

Plaintiffs' application to file a Third Amended Complaint is DENIED. The Clerk of Court is respectfully directed to close the case.

Dated: November 15, 2019
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

- "3/30/300 still remains our goal. . . . AT&T still has the potential to be $100 million opportunity."