**MANDATE**

N.Y.S.D. Case # 18-cv-2979(LGS)

19-4232-cv
Shreiber v. Synacor, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand twenty.

PRESENT: JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
TIMOTHY C. STANCEU,
*Judge.*\*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 12 2020

-----------------------------------------------------------------

CHANOCH SHREIBER, SCOTT D. LEFKOWITZ, individually and on behalf of all others similarly situated,

*Plaintiffs-Appellants*,

v.     No. 19-4232-cv

---

\* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

**MANDATE ISSUED ON 11/12/2020**

SYNACOR, INC, HIMESH BHISE, WILLIAM J. STUART,

    *Defendants-Appellees*.

---

FOR PLAINTIFFS-APPELLANTS: LAWRENCE P. EAGEL (Marion C. Passmore, Melissa Fortunato, on the brief), Bragar Eagel & Squire, P.C., New York, NY

FOR DEFENDANTS-APPELLEES: MICHAEL G. BONGIORNO, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY (Felicia H. Ellsworth, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, Tamar Kaplan-Marans, Charles C. Bridge, Jeanine Alvarez, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, on the brief).

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants Chanoch Shreiber and Scott D. Lefkowitz appeal from a judgment entered November 19, 2019 by the United States District Court

for the Southern District of New York (Schofield, J.), dismissing their federal securities law claims against Defendants-Appellees Synacor, Inc., Himesh Bhise, and William J. Stuart (collectively, "Synacor"). Plaintiffs-Appellants, in their Second Amended Complaint ("SAC"), alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and the corresponding rule of the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5. The District Court dismissed the SAC and subsequently denied Plaintiffs-Appellants leave to file their Proposed Third Amended Complaint ("PTAC") as futile. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

According to the SAC, Synacor provides a variety of Internet-related services, including the creation and management of Internet browser home pages (so-called portals). In May 2016 Synacor secured a contract to provide web and mobile portal services for AT&T. Yahoo! Inc. previously provided similar services to AT&T, and third-party analysts estimated that Yahoo! generated $100 million in annual revenue from its contract with AT&T. In a series of public

statements issued between May 2016 and March 2017, Synacor announced future annual revenue goals of $100 million from the AT&T portal by 2017 and $300 million in total revenue by 2019. Synacor later issued revised financial guidance reducing its revenue forecast after it announced that AT&T had chosen to prioritize consumer engagement over monetization of the portal. Synacor's share price fell significantly, and this lawsuit followed.

The SAC and PTAC each primarily allege that Synacor made a series of upbeat statements about Synacor's expected future revenues from the AT&T contract, but that the defendants failed to disclose known risks to the achievement of that revenue. We agree with the District Court that these statements, phrased in terms of Synacor's expectations and projections for the future, were quintessential opinion statements about Syncacor's future earnings and revenue goals. See Fait v. Regions Fin. Corp., 655 F.3d 105, 111 (2d Cir. 2011); Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund, 575 U.S. 175, 183 (2015). A defendant's statement of opinion is an actionable misstatement or omission under the Exchange Act only if (1) the speaker did not hold the professed belief, (2) the supporting facts supplied were untrue, or (3) the

4

speaker "omit[ted] information whose omission ma[de] the statement misleading to a reasonable investor." Tongue v. Sanofi, 816 F.3d 199, 210 (2d Cir. 2016).

First, the SAC fails to plausibly allege that Synacor did not actually believe that the AT&T contract would yield future annual revenues of $100 million. To the contrary, the allegations in the SAC indicate that Stuart and Bhise "honestly held" their opinions about Synacor's future revenues. Omnicare, 575 U.S. at 186.

Second, the SAC fails to identify any allegedly untrue fact that Synacor supplied in support of its opinions. Information about AT&T's alleged control and priorities could not constitute "supporting facts" embedded within any opinion statement because the Plaintiffs-Appellants claim that this information was omitted altogether.

Third, the SAC fails to plausibly allege that Synacor's opinion statements, "though sincerely held and otherwise true as a matter of fact, . . . omit[ted] information whose omission makes the statement misleading to a reasonable investor." Sanofi, 816 F.3d at 210. "The core inquiry" for this category of opinion liability "is whether the omitted facts would 'conflict with what a

5

1    reasonable investor would take from the statement itself.'"   Id. (quoting

2    Omnicare, 575 U.S. at 189).   We agree with the District Court that Synacor's

3    statements of opinion regarding its expectations for its future revenues from the

4    AT&T portal, viewed in context, were not rendered misleading by any allegedly

5    omitted fact.   Synacor publicly stated that it expected to achieve the announced

6    revenue goals only "after [it] fully deploy[ed] [its] products and migrate[d]

7    AT&T customers."   Joint App'x 22.   Synacor explained that the AT&T portal

8    would be "designed to drive user engagement" and would "[m]onetize these

9    experiences through search and advertising."   Joint App'x 20.[1]   Within a few

10   months, Synacor disclosed a redacted version of the AT&T contract, which

11   Plaintiffs-Appellants themselves characterize as tending to show "that AT&T

12   controlled monetization."   Appellant's Br. 37; see Joint App'x 25–26.

---

[1] We also note that the challenged opinion statements regarding future performance were accompanied by meaningful cautionary language specifically addressing the risks alleged to have materialized.   See generally Appellees' Br. 42–45 (collecting cautionary language).   The inclusion of meaningful cautionary language is statutorily relevant to the safe harbor for forward-looking statements provided in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5, but it is also relevant for assessing whether an opinion was misleading by omission.   See Omnicare, 575 U.S. at 190 ("[W]hether an omission makes an expression of opinion misleading always depends on context.").

6

1     The SAC alleges that Synacor failed to disclose known risks relating to the

2     fact that AT&T prioritized user experience over advertising and controlled

3     monetization decisions, and that the portal might lose users as a result of

4     Synacor's redesign.   But these alleged omissions "fairly align[]" with Synacor's

5     expectations that it would earn $100 million in annual revenue from the portal

6     after successfully deploying the product and migrating AT&T customers.

7     Omnicare, 575 U.S. at 189.   For these reasons, we conclude that the Plaintiffs-

8     Appellants fail to identify any statements or omissions that "misl[ed] in a

9     manner that is actionable."   Sanofi, 816 F.3d at 214.[2]

10    Finally, the District Court properly denied leave to file the PTAC as futile.

11    See F5 Capital v. Pappas, 856 F.3d 61, 89 (2d Cir. 2017).   The new allegations of

12    the PTAC do not redress the Plaintiffs-Appellants' failure to identify information

13    alleged to be in the Defendants-Appellees' possession that was actually

14    inconsistent with their statements of opinion estimating future revenue based on

---

[2] Because the SAC did not adequately allege a primary violation—i.e., a viable claim under another provision of the Exchange Act—the District Court correctly dismissed the § 20(a) claim as well.   Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC, 750 F.3d 227, 236 (2d Cir. 2014).

7

1   Yahoo!'s past performance, particularly in light of Synacor's disclosures of

2   information tending to show that AT&T controlled monetization.

3       We have considered the Plaintiffs-Appellants' remaining arguments and

4   conclude that they are without merit.   For the foregoing reasons, the judgment

5   of the District Court is AFFIRMED.

6                                       FOR THE COURT:
7                                       Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit